UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD DALE NAGY,

    Petitioner,                                  CASE NO. 2:10-CV-13306

v.                                          HONORABLE VICTORIA A. ROBERTS
                                              UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Lloyd Dale Nagy, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for one count of third-degree criminal sexual conduct, M.C.L.A. 750.520d; and being a second felony habitual offender, M.C.L.A. 769.10. Petitioner has also filed a motion to hold the petition in abeyance while he returns to the state courts to exhaust several of the claims contained in his petition. For the reasons that follow, the Motion to Hold Habeas Petition in Abeyance is DENIED. The Court further orders that the Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

**I. Background**

Petitioner pleaded *nolo contendere* to the above charges in the Lapeer County Circuit Court. Petitioner was sentenced to fifteen to twenty two and a half years in

1

prison. Petitioner's conviction and sentence were affirmed on appeal. *People v. Nagy,* No. 291423 (Mich.Ct.App. May 26, 2009); *lv. den.* 485 Mich. 928, 773 N.W.2d 683 (2009).

On July 26, 2010, Petitioner filed this application for writ of habeas corpus. [1] Petitioner seeks habeas relief on the following grounds: (i) Petitioner was denied the effective assistance of trial counsel; (ii) the trial court erred in determining that there were substantial and compelling reasons to depart above the sentencing guidelines range, based upon inaccurate information; (iii) the trial court abused its discretion in ordering Petitioner to pay costs and court-appointed attorney fees as part of his sentence; (iv) Petitioner was deprived of the effective assistance of appellate counsel; and (v) Petitioner has established entitlement to relief from the judgment of his convictions and sentences.

Petitioner has filed a motion to hold the petition in abeyance so that he can return to the state courts to exhaust his first, fourth, and fifth claims, which he admits have yet to be exhausted with the state courts.

## II. Discussion

The petition is subject to dismissal because it contains three claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C.

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on July 26, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

§ 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner admits that his first, fourth, and fifth claims were never exhausted with the state courts on his direct appeal. Petitioner's habeas application is subject to dismissal as a mixed petition, because it contains claims which have yet to be exhausted with the state courts.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner,* 581 F. 3d at 419*; See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could

3

exhaust these claims by filing a motion for relief from judgment with the Lapeer County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding Petitioner's habeas application in abeyance pending Petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 26, 2009. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought

4

direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, his judgment became final, for the purpose of commencing the running of the one year limitations period, on January 24, 2010. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his habeas application with this Court on July 26, 2010, after only six months had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that Petitioner can return to the state courts to exhaust these claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because Petitioner has at this point five months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will deny the

Motion to Hold Habeas Petition in Abeyance.

There is however, an equitable remedy available to Petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that Petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from July 26, 2010, the date Petitioner filed his habeas application, until Petitioner returns to federal court. This tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below.

The Court will also deny a certificate of appealability. In order to obtain a

certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust his first, fourth, and fifth claims with the state courts. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Grayson,* 185 F. Supp. 2d at 753.

### III. ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Hold

7

Habeas Petition in Abeyance [Dkt. # 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from July 26, 2010 until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a Motion for Relief from Judgment in the Lapeer County Circuit Court within sixty days of this Court's order and that he returns to this Court to pursue habeas corpus relief within sixty days of the completion of his state post-conviction proceedings.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to appeal are **DENIED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: August 26, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Lloyd Dale Nagy by electronic means or U.S. Mail on August 26, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk